**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BRIAN NICHOLS and                                                                                       PLAINTIFFS
WANDA NICHOLS, Husband and Wife

v.                                           No. 3:11CV00101 JLH

BNSF RAILWAY COMPANY d/b/a Burlington
Northern and Santa Fe Railway Company                                                    DEFENDANT

**OPINION AND ORDER**

Brian Nichols was injured when a BNSF Railway Company train struck his vehicle where the railroad track intersects with North Jefferson Street in Wilson, Arkansas. He and his wife, Wanda Nichols, commenced this action in the Circuit Court of Mississippi County, Arkansas, alleging that BNSF Railway and the train driver were negligent for failing to stop, failing to yield the right of way to the forward vehicle, failing to keep a proper lookout, driving at an excessive speed, failing to sound a bell or whistle, and failing to warn of an abnormally dangerous crossing.[1] *See* Document #2. Subsequently, BNSF Railway removed the action, and now moves for partial summary judgment on the basis that the Nichols' failure to warn claim is preempted by federal law. *See* 49 U.S.C. § 20106(a) (providing for national uniformity, to the extent practicable, in laws and regulations pertaining to railroad safety).

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] The Nichols' claims against the train driver have been dismissed. *See* Document #17.

317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

The Federal Railroad Safety Act of 1970 requires the Secretary of Transportation to "prescribe regulations and issue orders for every area of railroad safety[.]" 49 U.S.C. § 20103. The Highway Safety Act of 1973 makes federal funds available for the "construction of projects for the elimination of hazards of railway-highway crossings[.]" 23 U.S.C. § 130. That Act also requires the Secretary to prescribe regulations necessary to implement the Act. *Id.* Among the regulations promulgated by the Secretary pertaining to railroad/highway crossings are 23 C.F.R. §§ 646.214(b)(3) and (4), which provide that:

> (3)(I) Adequate warning devices, under § 646.214(b)(2) or on any project where Federal-aid funds participate in the installation of the devices are to include automatic gates with flashing light signals when one or more of the following conditions exist:
>
> (A) Multiple main line railroad tracks.
>
> (B) Multiple tracks at or in the vicinity of the crossing which may be occupied by a train or locomotive so as to obscure the movement of another train approaching the crossing.

      (C)  High Speed train operation combined with limited sight distance at either single or multiple track crossings.

      (D)  A combination of high speeds and moderately high volumes of highway and railroad traffic.

      (E)  Either a high volume of vehicular traffic, high number of train movements, substantial numbers of schoolbuses or trucks carrying hazardous materials, unusually restricted sight distance, continuing accident occurrences, or any combination of these conditions.

      (F)  A diagnostic team recommends them.

(ii)  In individual cases where a diagnostic team justifies that gates are not appropriate, [the Federal Highway Administration] may find that the above requirements are not applicable.

(4)  For crossings where the requirements of § 646.214(b)(3) are not applicable, the type of warning device to be installed, whether the determination is made by a State regulatory agency, State highway agency, and/or the railroad, is subject to the approval of [the Federal Highway Administration].[2]

In return for federal funds, the states are required to survey all highways to identify railroad crossings that may need protective devices and to implement a schedule of projects for that purpose. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663, 113 S. Ct. 1732, 1737, 123 L. Ed. 2d 387 (1993) (quoting 23 U.S.C. § 130(d)).

The Supreme Court has held that these provisions mean that, "for projects in which federal funds participate in the installation of warning devices, the Secretary has determined the devices to be installed and the means by which railroads are to participate in their selection." *Easterwood*, 507 U.S. at 671, 113 S. Ct. at 1741. Thus, federal grade crossing regulations preempt state-law tort claims "if federal funds were used to install the warning devices at the crossing where the accident occurred." *Elrod v. Burlington N. R.R. Co.*, 68 F.3d 241, 243 (8th Cir. 1995). This preemption

---

[2] BNSF Railway refers to these statutes and regulations in its brief in support of the motion for partial summary judgment. The Nichols' contention that BNSF Railway failed to identify a regulation that preempts their failure to warn claim is without merit.

takes effect when the warning devices are "installed and operational." *Bock v. St. Louis Sw. Ry. Co.*, 181 F.3d 920 (8th Cir. 1999); *see also Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 354, 120 S. Ct. 1467, 1474, 146 L. Ed. 2d 374 (2000) (state authority is preempted once federally funded warning devices are "actually installed and operating").[3]

BNSF Railway has filed certified copies of documents from the Arkansas State Highway and Transportation Commission and the United States Department of Transportation showing that crossbucks, paid for in large part by federal funds, were installed at crossings statewide, including the crossing on North Jefferson Street in Wilson, Arkansas,[4] where the collision underlying the instant action occurred. After the crossbucks were installed, they were inspected and approved by the Federal Highway Administration. Thus, the conditions for preemption identified by the Supreme Court and Eighth Circuit are present in this case.

The Nichols argue that preemption is not appropriate in this case because it is unclear whether the particular crossbuck at issue was "operating as a warning device" since it may have lost its reflectivity.[5] The Nichols point to no evidence that the crossbuck was not actually operating properly. The Nichols' hypothetical suggestion that the crossbuck may have "lost its reflectivity"

---

[3] Citing *Lusby v. Union Pac. R. Co.*, the Nichols argue that the Eighth Circuit has rejected the position that the "Arkansas common law duty to install highway warning devices at abnormally dangerous grade crossings was pre-empted by the Federal Railroad Safety Act of 1970" and the other applicable regulations. 4 F.3d 639, 641-42 (8th Cir. 1993). The opinion in *Lusby* includes no extended discussion for this holding beyond a citation to *Easterwood*. *Id. Lusby* does not indicate whether the crossing warnings in that case were paid for with federal funds. *Cf. Cartwright v. Burlington N.R. Co.*, 908 F. Supp. 662, 665 n.4 (E.D. Ark. 1995) (the court will leave it to the court of appeals to reconcile the apparent inconsistency between *Elrod* and *Lusby*).

[4] *See* Document #14-1 at 18, line 66.

[5] BNSF Railway questions how reflectivity on the crossbuck would have helped avoid the accident here, which occurred during daylight hours.

4

does not create a genuine issue of fact. Furthermore, as this Court has previously explained, the requirement that warning devices be "operational" as a prerequisite to the invocation of preemption does not mean that the warning device must be operational at the time of the incident giving rise to a lawsuit, but only that the device be operational at the time it was installed. *See Fulks v. Union Pac. R. Co.*, 3:10CV00310, 2011 WL 5439177, at *3 (E.D. Ark. Nov. 9, 2011); *see also Shanklin*, 529 U.S. at 358, 120 S. Ct. at 1476; *Union Pac. R.R. Co. v. Sharp*, 330 Ark. 174, 191, 952 S.W.2d 658, 666 (1997). Here, as noted, public records show that the intersection had crossbucks which were inspected and approved by the Federal Highway Administration.

Finally, the Nichols argue that the conditions and character of the intersection implicated in this lawsuit were such that the applicable regulations "require automatic gates with flashing light signals, rather than a wooden crossbuck." To the extent the Nichols contend that a failure to comply with the safety regulations alters the preemption analysis, their contention has been rejected by the Supreme Court and the Eighth Circuit. *See Shanklin*, 529 U.S. at 357-58, 120 S. Ct. at 1476; *Bryan v. Norfolk & W. Ry. Co.*, 154 F.3d 899, 903-04 (8th Cir. 1998).

For the reasons stated, BNSF Railway's motion for partial summary judgment is GRANTED. Document #12. The Nichols' failure to warn claim is preempted by federal law and, therefore, is dismissed.

IT IS SO ORDERED this 19th day of July, 2012.

J. Leon Holmes

J. LEON HOLMES
UNITED STATES DISTRICT COURT